Filed 3/27/14  Marriage of Sattler CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re the Marriage of GIOVANNA and FELIPE ALEXANDER SATTLER, _____ | B244799 (Los Angeles County Super. Ct. No. LD054411) |
| GIOVANNA SATTLER, Respondent, v. FELIPE ALEXANDER SATTLER, Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Christine C. Ewell, Judge.  Affirmed.

_____

Jesus Zelada for Appellant Felipe Alexander Sattler.

No appearance for Respondent Giovanna Sattler.

_____

Felipe Sattler appeals from the final judgment in this action dissolving his marriage to Giovanna Sattler.[1] Felipe argues that the superior court's division of the marital property was erroneous in certain respects. We affirm.

The issues of child custody and visitation, child support, spousal support, property, debt, reimbursements, attorney fees, and costs were tried to the court over five days. On appeal, Felipe has elected to proceed without a reporter's transcript, so we have no record of any oral proceedings.

Felipe's first argument relates to the values of certain vehicles. The trial court's statement of decision addresses the status of seven automobiles owned by the parties either separately or as community property. The court awarded five of the seven vehicles to Felipe. The court awarded the two remaining vehicles, a Chevy Aveo and a Kia Rio, to Giovanna, concluding that they were her separate property. Giovanna testified that the current value of the Aveo was $6,672 and the current value of the Rio was $4,753, and the court expressly found her testimony credible. On the basis of Felipe's representation that "both of these vehicles had been sold," the court ordered Felipe to pay Giovanna $6,672 and $4,753 as reimbursement for his having sold her separate property vehicles without her permission.

On appeal, Felipe argues that the court's determination of the value of the Aveo and the Rio was not supported by substantial evidence. We disagree. Substantial evidence may consist of the testimony of a single witness (*In re Marriage of Birnbaum* (1989) 211 Cal.App.3d 1508, 1513), and we defer to the superior court's credibility determinations (*In re Marriage of Hill & Dittmer* (2011) 202 Cal.App.4th 1046, 1051-1052). Felipe concedes that neither party submitted any documentary evidence of the values of the vehicles, that Giovanna testified to the values found by the court, and that the court expressly found her credible. We accordingly conclude that the court's

---

[1]    Because the parties have the same last name, we will refer to them by their first names in order to avoid confusion. No disrespect is intended.

determination of the values of the Aveo and the Rio was supported by substantial evidence.[2]

Felipe's second argument relates to the value of the parties' condominium in Peru. Felipe argues that (1) the statement of decision "does not indicate that the appraisal introduced by [Felipe] was used to understand and weigh the testimony given by [Felipe] concerning the value of the condominium[,]" (2) "it appears that the appraisal was not used by the trial court[,]" and (3) if it was not used, then "the trial court abused its discretion by not using [the appraisal] to understand and weigh [Felipe's] testimony." Felipe does not cite a copy of his appraisal, and, as far as we can determine, the record on appeal does not contain one. Moreover, Felipe cites nothing in the record indicating that his appraisal was ever admitted into evidence or even proffered, and we have found nothing in the record indicating that it was. Giovanna's declaration in opposition to Felipe's motion for new trial states (without contradiction by Felipe) that both parties' appraisals of the condominium were inadmissible because they were in Spanish. The statement of decision (1) expressly discusses the testimony of both parties concerning the value of the condominium, (2) expressly recognizes that both parties claimed to have conducted appraisals on which their testimony was based, (3) expressly finds Giovanna

---

[2]    Felipe argues that at trial Giovanna submitted certain title documents as evidence that the Aveo and the Rio were her separate property but that she "failed to show the back of those exhibits," which showed that the Aveo "was purchased for $2,100.00" and the Rio "for $1,600.00." Felipe's citations to the record do not support his contentions—the cited pages of the clerk's transcript do not show the sale price for either vehicle. Moreover, Felipe cites nothing in the record showing that he brought the backs of the documents to the trial court's attention during trial or was in any way prevented from doing so, and Giovanna's declaration in opposition to Felipe's motion for new trial states (without contradiction by Felipe) that both Felipe and his counsel were given access to the originals (front and back) during trial. In any event, the cited pages of the clerk's transcript show that the sales of the two vehicles took place on October 15, 2009, five months after the parties separated and Giovanna petitioned for dissolution of marriage. Thus, even if the backs of the documents do state the sales prices claimed by Felipe, and even if he had brought the backs of the documents to the trial court's attention during trial, the court would have been under no obligation to base its determination of the vehicles' values on the price for which Felipe sold Giovanna's separate property vehicles without her permission and after separation.

more credible than Felipe on this issue, and (4) further finds that Giovanna's estimate of the condominium's value was "much more commensurate with the purchase price of the condominium [as testified to by both parties] and the time elapsed since that purchase." In any event, Felipe's failure to show that he introduced or even attempted to introduce his appraisal into evidence is fatal to his claim that the trial court abused its discretion by failing to consider that appraisal.

Felipe's third argument is that the trial court abused its discretion by failing to divide the community estate equally, because the court awarded the condominium to Giovanna without ordering her to make an equalization payment to Felipe for his community interest in the condominium. Felipe recognizes, however, that the court offset his interest in the condominium against certain payments he owed to Giovanna (including but not limited to the payments for the Aveo and the Rio), and, "[i]n order to equalize the division of the community estate," the court also ordered that Giovanna be solely responsible for a $10,000 community debt, which left her "responsible for slightly more of the community debt than" Felipe. Felipe's sole argument against the court's reasoning consists of part of one sentence, which states that his debt to Giovanna, which was offset against his interest in the condominium, "was not supported by substantial evidence." As we have already explained, the court's conclusions concerning Felipe's debt to Giovanna relating to the Aveo and the Rio was supported by substantial evidence, and Felipe has presented no arguments against the other components of the debt. Nor has he addressed the $10,000 community debt for which Giovanna was made solely responsible. For all of these reasons, we reject Felipe's argument that the court failed to divide the community estate equally.

## DISPOSITION

The judgment is affirmed.  Respondent shall recover her costs of appeal, if any.

<u>NOT TO BE PUBLISHED</u>.


ROTHSCHILD, Acting P. J.

We concur:


CHANEY, J.


MILLER, J.*

---

\*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.